UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 3/1/22

     -against-            09-cr-0723 (LAK)

FRANCISCO GONZALEZ-URIBE,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

    On January 5, 2022, the Court denied defendant's motion for compassionate release on the alternative grounds that defendant had not established extraordinary and compelling circumstances required by the statute and, in any event, the Section 3553 factors warranted denial of his application. Dkt. 211. Defendant then moved for leave to submit a reply to the government's opposition to his compassionate release motion and, upon receipt of the reply, for reconsideration of the January 5 ruling. The Court granted that application. Dkt. 213. Defendant now has filed his reply. Accordingly, this is the Court's decision on reconsideration of defendant's motion for compassionate release. On reconsideration, the motion again is denied substantially for the reasons set forth in the government's opposition. Dkt. 210. I write to make two points.

*Extraordinary and Compelling Circumstances*

    Defendant argues first that the government, and therefore the Court, is foreclosed from contesting the existence of extraordinary and compelling circumstances because, as the Court understands his position, the government stipulated in *United States v. Coffman*, No. 09-CR-181-

2

KKC, 2020 WL 6384406 (E.D. Ky. Oct. 29, 2020) ("*Coffman* Order") – or, in any case, directed line prosecutors generally not to contest – that an inmate's affliction with any of the conditions identified by the Centers for Disease Control ("CDC") as comorbidities associated with COVID patient deaths inherently established the existence of extraordinary and compelling circumstances. Dkt. 214 ¶¶ 3, 5.

Defendant relies principally on the following quotation from the *Coffman* Order: "In its brief on remand, the government explains that, on July 28, 2020, the Department of Justice 'issued a directive that the government shall concede that an inmate, who has one of the risk factors listed by the Centers for Disease Control and Prevention (CDC) for greater risk of severe illness from COVID-19, presents an 'extraordinary and compelling' reason warranting eligibility for compassionate release, even if those risk factors in ordinary, non-COVID-19 times would not." *Coffman*, 2020 WL 6384406, at *2. However, the same government brief quoted in the *Coffman* Order went on to say – immediately after the quoted language – that "at least one court in [the Eastern District of Kentucky] has rejected the government's concession on this issue finding that the government cannot by concession expand the jurisdictional limitations of 18 U.S.C. § 3582 and [the Sentencing Guidelines]." *See Coffman*, Br. of United States at 4-5 [Dkt. 792], *id.* Indeed, the fact that the government agreed to – or that the district court ultimately accepted – such a stipulation in one case does not require the same result in all others. The *Coffman* Order is neither persuasive nor binding on this Court.

Defendant relies also on a filing in another case by an Assistant United States Attorney in Florida who quoted from a May 18, 2020 internal guidance by the U.S. Department of Justice that, he said, "direct[ed] that the Government concede that Defendants who have certain CDC risk factors . . . *can* establish that 'extraordinary and compelling reasons' warrant the reduction

3

in sentence." Gov't's supplemental response [Dkt. 43], *United States v. Firebaugh*, No. 16-20341-CR-UU (S.D. Fla. filed June 1, 2020). The AUSA in Florida went on to add: "In other words, in the Government's view, during the COVID-19 pandemic, this Defendant['s conditions] present 'serious physical or medical condition(s) . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.' U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)." *Id.* (footnote omitted).

The language said to have been quoted from the DOJ document says no more than that a particular inmate's condition can – *i.e.*, may – present extraordinary and compelling circumstances. It does not mean that every inmate who has any condition or combination of conditions on the CDC list inherently has satisfied that requirement. The fact that the government was satisfied that defendant Firebaugh's conditions, whatever they were and whatever their severity, met that standard says nothing about this case. Moreover, the Court requested the Department of Justice to produce a copy of the May 18, 2020 guidance to this Court. It responded that it considered the document to be internal, declined to produce it, made clear that it did not bind prosecutors or this Court, and said that it no longer is current. *See* Dkt. 216.

Here, as the government demonstrated, this defendant contracted the virus, was mildly ill, recovered and now is fully vaccinated. The circumstances thus indicate that he is at a low risk. Accordingly, this Court adheres to its prior determination that defendant has not satisfied the requirement of extraordinary and compelling circumstances.

*Section 3553(a) Factors*

Defendant's second argument is that the Section 3553(a) factors warrant release. As previously stated, this Court disagrees.

*Conclusion*

Accordingly this Court, on reconsideration, denies defendant's motion for compassionate release (Dkt. 207).

SO ORDERED.

Dated:   March 1, 2022

                                                  Lewis A. Kaplan
                                         United States District Judge